UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24031-CV-KING
(14-20801-CR-KING)
MAGISTRATE JUDGE REID

CARLO J. SENECHARLES,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's *pro se* Motion to Vacate filed pursuant to 28 U.S.C. § 2255. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Movant, **Carlo J. Senecharles**, is a federal prisoner currently serving a sentence of 192 months' imprisonment after being convicted by a jury of being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(1), in **Case No. 14-20801-CR-KING** in the United States District Court for the Southern District of Florida. [CR-ECF No. 58]. Judgment was entered against Movant in his criminal case on July 23, 2015, and his sentence was affirmed by the Eleventh Circuit on August 31, 2016. [CR-ECF No. 75].

On September 12, 2019, Movant filed this Motion to Vacate, challenging the constitutionality of his conviction and claiming, in short, that his judgment should be vacated in light of the recent Supreme Court of the United States decision in *Rehaif v. United States*, 588 U.S.

___, 139 S. Ct. 2191 (2019), and *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). [ECF No. 1]. Respondent filed an Answer opposing the Motion to Vacate on November 14, 2019. [ECF No. 7]. Movant originally did not file a reply, but later informed the Court that he never received the Answer from Respondent and was provided additional time to file it. [ECF Nos. 13, 16, 17]. This cause is now ripe for review.

Pursuant to the Rules Governing Section 2255 Proceedings, the Court "must promptly examine" Movant's Motion to Vacate. Rules Governing Section 2255 Proceedings, R. 4(b). Upon examination of the Motion to Vacate, the Answer, and the record in Movant's criminal case, the Motion appears to be meritless because Movant's knowledge-of-status *Rehaif* claim is irreconcilable with Movant's multiple previous felony convictions, including two prior convictions of being a felon in possession of a firearm, and his *Johnson* claim is untimely.

Accordingly, as further discussed below, the Undersigned **RECOMMENDS** that the Motion to Vacate [ECF No. 1] be **DENIED**.

## II. Discussion

A.   <u>Standard of Review of Section 2255 Motions</u>

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the

maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, first, a district court must find that a defendant asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*,

550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro, supra*.).

B.     Analysis of Movant's Claims

The Motion to Vacate contains two claims, which are summarized below:

1. Pursuant to *Rehaif*, Movant's § 922(g)(1) conviction is invalid because the indictment did not allege conduct constituting a crime [ECF No. 1 at 4]; and

2. Pursuant to *Johnson*, Movant's Florida conviction for attempted first degree murder does not qualify as a predicate conviction under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and he should be resentenced. [*Id*. at 5].

Upon a review of the record in this case and Movant's underlying criminal case, both claims should be denied.

*1.     Claim 1: Movant's § 922(g) Conviction*

Movant's first claim is that because the indictment in his criminal case did not allege he knew of his felon status, the conduct alleged did not constitute a crime and his conviction is thus invalid. [ECF No. 1, p. 4]. Respondent argues that Movant's claim is procedurally defaulted, without merit, and should be denied, and the Undersigned agrees. [ECF No. 7, pp. 6-10].

While Movant is correct that his indictment did not allege, nor did the jury find, that he was aware of his felon status, Movant did not preserve this claim by objecting at the trial court or appellate court levels. Thus, Movant procedurally defaulted on this claim. *See Murray*, 477 U.S. at 490-92.

To overcome the procedural default, Movant must either show "cause" and "prejudice," or "that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). However, "actual innocence means factual innocence, not mere legal insufficiency." *Id*. at 623. In Movant's case, he cannot establish cause and prejudice, nor can he establish that he is

4

actually innocent, and it is Movant's burden to prove his claims in a § 2255 motion. *See Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citing *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014)).

Movant cannot establish "cause" and "prejudice" because not only did Movant stipulate to his felon status before trial, but Movant in fact had **twelve** prior felony convictions. [PSI, ¶¶ 4, 18-27]. Even liberally construing Movant's claim as an ineffective assistance of counsel claim, it would still fail because Movant's counsel made what appears to be a strategic decision not to contest Movant's felon status at trial, likely because it would have resulted in the government offering into the record copies of Movant's 12 prior felony convictions. Thus, Movant cannot establish deficient performance, nor that that this strategic decision caused him any prejudice. *See generally*, *Strickland v. Washington*, 466 U.S. 668 (1984).

Even more crucially, however, is that Movant had twice already been convicted of being a **felon in possession of a firearm**. [PSI, ¶¶ 25-26]. Movant now argues here that he did not know he was a felon. It is clear from the record that Movant is not actually innocent, and this claim should be denied as procedurally defaulted.

The Undersigned notes that on Reply, Movant argues that the Court should review his claim for "plain error" under Fed. R. Crim. P. 52(b), and cites to *United States v. Olano*, 507 U.S. 725, 732 (1993), in support. [ECF No. 17]. This is misplaced, because the plain error standard and Fed. R. Crim. P. 52(b) do not apply on collateral review. *See Frady*, 456 U.S. at 165-66. Moreover, his claim raised in his Reply that if he knew that the Government would have to prove his knowledge of his status as a felon, he would have pled guilty and received the benefit of a sentencing reduction for acceptance of responsibility [ECF No. 17] should likewise be rejected. Movant's past convictions establish his knowledge of his status as a multiple felony offender **and**

5

of the elements of the felon-in-possession offense, and make it unlikely that he would have chosen differently.

*Claim 2: Movant's ACCA-Enhanced Sentence*

Movant's second claim is that after *Johnson*, his Florida attempted first degree murder conviction no longer qualifies as an ACCA predicate. [ECF No. 1, p. 5]. This claim should be denied because it is untimely.

Pursuant to 28 U.S.C. § 2255(f), a claim is timely filed if it is brought within one year of the latest of:

(1) "the date on which the judgment of conviction becomes final;"

(2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed…;"

(3) "the date on which the right asserted was initially recognized by the Supreme Court…;" or

(4) "the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

"The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (citations omitted). Movant's raises his first claim pursuant to *Rehaif*, which was decided on June 21, 2019, and his second claim pursuant to *Johnson*, which was decided on June 26, 2015. [ECF No. 1, pp. 4-5].

Importantly, while his *Rehaif* claim was timely filed, *Johnson* was decided one month before Movant was sentenced in his underlying criminal case. Thus, Movant was required to file his Motion within one year of the date his judgment of conviction became final, absent some other event that would reset the limitations period. *See* 28 U.S.C. § 2255(f)(1).

6

Here, Movant's conviction was affirmed on appeal on August 31, 2016, and he did not file a petition for a writ of certiorari to the Supreme Court of the United States. Thus, his conviction became final 90 days later, on November 29, 2016, when the time to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 532-34 (2003) (citing Sup. Ct. R. 13). Thus, Movant had until November 29, 2017, to file his *Johnson* claim.

The Motion to Vacate, however, was not filed until September 12, 2019, nearly two years after the limitations period expired. [ECF No. 1]. Thus, applying a claim-by-claim approach to Movant's two claims, *see Beeman*, 871 F.3d at 1219, Movant's *Johnson* claim is untimely and must be dismissed.

On Reply, however, Movant argues he is entitled to equitable tolling. [ECF No. 17]. Movant is correct that the one-year limitations period "is subject to equitable tolling in appropriate cases," *Holland v. Fla.*, 560 U.S. 631, 645 (2010), Movant nevertheless fails to establish an entitlement to equitable tolling in this case, as discussed below.

The Supreme Court has established a two-part test for equitable tolling, holding that a movant "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'… prevent[ing] timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007). Movant bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (*citing Hutchinson v. Fla.*, 677 F.3d 1097, 1099 (11th Cir. 2012)).

Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Id*. at 1158 (*quoting Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Movant has not provided any facts

7

to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling." *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 (11th Cir. 2002).

This is because Movant's claim is about two years late and there is no reason he could not have brought his *Johnson* claim earlier. Since the claim is untimely and not subject to equitable tolling, as discussed above, this claim should be dismissed.

### III.    Recommendations

Based on the above, it is **RECOMMENDED** that the Motion to Vacate [ECF No. 1] be **DENIED**. A Certificate of Appealability should not be granted because reasonable jurists would not find the denial to be debatable nor has Movant made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 17th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    **Carlo J. Senecharles**
       07005-104
       Estill Federal Correctional Institution
       Inmate Mail/Parcels
       Post Office Box 699
       Estill, SC 29918
       *PRO SE*

**Noticing 2255 US Attorney**
Email: usafls-2255@usdoj.gov

**Brooke Latta, Esq.**
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Brooke.Latta@usdoj.gov